RECEIVED

JAN 28 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
FOR THE  WESTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA,    )
                             )
        Plaintiff,           )
                             )
        v.                   )      Civil Action No. *CV09- 1825*
                             )
LOUISIANA MIDLAND            )
TRANSPORT COMPANY, L.L.C.,   )
                             )
        Defendant.           )
_____ )

## CONSENT DECREE

### I. **BACKGROUND**

A.  The United States of America ("United States"), on behalf of the Administrator of the

United States Environmental Protection Agency ("EPA"), filed a complaint in this matter

pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and

Liability Act of 1980, 42 U.S.C. § 9607, as amended ("CERCLA"), seeking reimbursement of

response costs incurred or to be incurred for response actions taken at or in connection with the

release or threatened release of hazardous substances at the Doughty's Treating Plant Site

("Site"), La Salle Parish, Louisiana.

B.  The defendant Louisiana Midland Transport Company, L.L.C. ("Settling Defendant")

that has entered into this Consent Decree does not admit any liability to Plaintiff arising out of

the transactions or occurrences alleged in the complaint.

C.  The United States and Settling Defendant agree, and this Court by entering this

Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith,

that settlement of this matter will avoid prolonged and complicated litigation between the Parties,

and that this Consent Decree is fair, reasonable, and in the public interest.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED,

ADJUDGED, AND DECREED:

## II. JURISDICTION

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C.

§§ 1331 and 1345 and 42 U.S.C. §§ 9607 and 9613(b) and also has personal jurisdiction over

Settling Defendant. Solely for the purposes of this Consent Decree and the underlying

complaint, Settling Defendant waives all objections and defenses that it may have to jurisdiction

of the Court or to venue in this District. Settling Defendant shall not challenge the terms of this

Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon Settling Defendant

and its successors and assigns. Any change in ownership or corporate or other legal status,

including but not limited to, any transfer of assets or real or personal property, shall in no way

alter the status or responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are

defined in CERCLA or in regulations promulgated under CERCLA shall have the meanings

assigned to them in CERCLA or in such regulations. Whenever terms listed below are used in

this Consent Decree or in any appendix attached hereto, the following definitions shall apply:

a. "CERCLA" shall mean the Comprehensive Environmental Response,

-2-

Compensation, and Liability Act of 1980, as amended, 42 U.S.C. § 9601, et seq.

       b. "Consent Decree" shall mean this Consent Decree.  In the event of conflict between this Consent Decree and any appendix, the Consent Decree shall control.

       c. "Day" shall mean a calendar day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next working day.

       d. "DOJ" shall mean the United States Department of Justice and any successor departments, agencies or instrumentalities of the United States.

       e. "EPA" shall mean the United States Environmental Protection Agency and any successor departments, agencies or instrumentalities of the United States.

       f. "EPA Hazardous Substance Superfund" shall mean the Hazardous Substance Superfund established by the Internal Revenue Code, 26 U.S.C. § 9507.

       g. "Interest" shall mean interest at the rate specified for interest on investments of the EPA Hazardous Substance Superfund established by 26 U.S.C. § 9507, compounded annually on October 1 of each year, in accordance with 42 U.S.C. § 9607(a).

       h. "Paragraph" shall mean a portion of this Consent Decree identified by an Arabic numeral or an upper or lower case letter.

       i. "Parties" shall mean the United States and Settling Defendant.

       j. "Past Response Costs" shall mean all costs, including but not limited to direct and indirect costs, that EPA or DOJ on behalf of EPA has paid at or in connection with the Site through date of entry of the Consent Decree by the Court, plus accrued Interest on all such costs through such date.

-3-

k. "Plaintiff" shall mean the United States.

l. "Section" shall mean a portion of this Consent Decree identified by a Roman numeral.

m. "Settling Defendant" shall mean the Louisiana Midland Transport Company, L.L.C.

n. "Site" shall mean the Doughty's Treating Plant Site, encompassing approximately three acres, located in Jena, La Salle Parish, Louisiana, and generally shown on the map included as Appendix A.

o. "United States" shall mean the United States of America, including its departments, agencies and instrumentalities.

## V. PAYMENT OF RESPONSE COSTS

4. <u>Payment of Past Response Costs to EPA</u>. As of May 27, 2009, Settling Defendant has deposited $1,200,000 [One Million Two Hundred Thousand Dollars] into an escrow account bearing interest on commercially reasonable terms, in a federally-chartered bank ("Escrow Account"). If the Consent Decree is not entered by the Court, and the time for any appeal of that decision has run or if the Court's denial of entry is upheld on appeal, the monies placed in escrow, together with accrued interest thereon, shall be returned to Settling Defendant. If the Consent Decree is entered by the Court, Settling Defendant shall, within 15 days thereof, cause the monies in the Escrow Account to be paid to EPA in accordance with Paragraph 5.

5. Payment from the Escrow Account in the amount of $1,200,000, plus interest accrued pursuant to Paragraph 4, by Settling Defendant to EPA shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with EFT

instructions provided to Settling Defendant by the Financial Litigation Unit of the U.S.

Attorney's Office in the Western District of Louisiana following lodging of the Consent Decree.

6. At the time of payment, Settling Defendant shall also send notice that payment has

been made to EPA and DOJ in accordance with Section XII (Notices and Submissions) and by

email to acctsreceivable.cinwd@epa.gov, and to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268

Such notice shall reference the EPA Region and Site/Spill Identification Number 06FJ, DOJ case

number 90-11-3-08937, and the civil action number.

7. The total amount to be paid pursuant to Paragraph 5 shall be deposited in the EPA

Hazardous Substance Superfund.

## VI. FAILURE TO COMPLY WITH CONSENT DECREE

8. Interest on Late Payments. If Settling Defendant fails to make any payment under

Paragraph 4 (Payment of Past Response Costs to EPA) by the required due date, Interest shall

continue to accrue on the unpaid balance through the date of payment.

9. Stipulated Penalty.

a. If any amounts due under Paragraph 4 are not paid by the required date,

Settling Defendant shall be in violation of this Consent Decree and shall pay to EPA, as a

stipulated penalty, in addition to the Interest required by Paragraph 8, $1,500 per violation per

day that such payment is late.

b. Stipulated penalties are due and payable within 30 days of the date of the

demand for payment of the penalties by EPA. All payments to EPA under this Paragraph shall

be identified as "stipulated penalties" and shall be made by certified or cashier's check made

payable to "EPA Hazardous Substance Superfund." The check, or a letter accompanying the

check, shall reference the name and address of the party making payment, the Site name, the EPA

Region and Site Spill ID Number 06 FJ, DOJ Case Number 90-11-3-08937, and the civil action

number. Settling Defendant shall send the check (and any accompanying letter) to:

> Office of United States Attorney
> 300 Fannin Street, Suite 3201
> Shreveport, Louisiana 71101-3068

  c. At the time of each payment, Settling Defendant shall also send notice that

payment has been made to EPA and DOJ in accordance with Section XII (Notices and

Submissions). Such notice shall reference the EPA Region and Site/Spill ID Number 06FJ, DOJ

Case Number 90-11-3-08937, and the civil action number.

  d. Penalties shall accrue as provided in this Paragraph regardless of whether EPA

has notified Settling Defendant of the violation or made a demand for payment, but need only be

paid upon demand. All penalties shall begin to accrue on the day after payment is due and shall

continue to accrue through the date of payment. Nothing herein shall prevent the simultaneous

accrual of separate penalties for separate violations of this Consent Decree.

  10. If the United States brings an action to enforce this Consent Decree, Settling

Defendant shall reimburse the United States for all costs of such action, including but not limited

to costs of attorney time.

  11. Payments made under this Section shall be in addition to any other remedies or

sanctions available to Plaintiff by virtue of Settling Defendant's failure to comply with the

requirements of this Consent Decree.

12. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive payment of any portion of the stipulated penalties that have accrued pursuant to this Consent Decree.  Payment of stipulated penalties shall not excuse Settling Defendant from payment as required by Section V or from performance of any other requirements of this Consent Decree.

## VII. <u>COVENANT NOT TO SUE BY PLAINTIFF</u>

13.  Covenant Not to Sue.  Except as specifically provided in Section VIII (Reservation of Rights by United States), the United States covenants not to sue or to take administrative action against Settling Defendant pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), to recover Past Response Costs.  This covenant not to sue shall take effect upon receipt by EPA of all payments required by Section V (Payment of Past Response Costs), Paragraph 5 and any amount due under Section VI (Failure to Comply with Consent Decree).  This covenant not to sue is conditioned upon the satisfactory performance by Settling Defendant of its obligations under this Consent Decree.  This covenant not to sue extends only to Settling Defendant and does not extend to any other person.

## VIII. <u>RESERVATIONS OF RIGHTS BY UNITED STATES</u>

14. The United States reserves, and this Consent Decree is without prejudice to, all rights against Settling Defendant with respect to all matters not expressly included within the Covenant Not to Sue by Plaintiff in Paragraph 13.  Notwithstanding any other provision of this Consent Decree, the United States reserves all rights against Setting Defendant with respect to:

a. liability for failure of Settling Defendant to meet a requirement of this Consent Decree;

-7-

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c. liability for injunctive relief or administrative order enforcement under Section 106 of CERCLA, 42 U.S.C. § 9606;

d. criminal liability; and

e. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments.

## IX. COVENANT NOT TO SUE BY SETTLING DEFENDANT

15. Settling Defendant covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to Past Response Costs or this Consent Decree, including but not limited to:

a. any direct or indirect claim for reimbursement from the Hazardous Substance Superfund based on Sections 106(b)(2), 107, 111, 112, or 113 of CERCLA, 42 U.S.C. §§ 9606(b)(2), 9607, 9611, 9612, or 9613, or any other provision of law;

b. any claim arising out of the response actions at the Site for which the Past Response Costs were incurred, including any claim under the United States Constitution, the Constitution of the State of Louisiana, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended, or at common law; or

c. any claim against the United States pursuant to Sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607 and 9613, relating to Past Response Costs.

16. Nothing in this Consent Decree shall be deemed to constitute approval or preauthorization of a claim within the meaning of Section 111 of CERCLA, 42 U.S.C. § 9611, or

40 C.F.R. 300.700(d).

17. Settling Defendant agrees not to assert any claims and to waive all claims or causes of action that it may have for all matters relating to the Site, including for contribution, against any person not a party to this Consent Decree.

18. The waiver in Paragraph 17 shall not apply with respect to any defense, claim, or cause of action that Settling Defendant may have against any person if such person asserts a claim or cause of action relating to the Site against such Settling Defendant.

## X. **EFFECT OF SETTLEMENT/CONTRIBUTION PROTECTION**

19. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Except as provided in Paragraph 17, the Parties expressly reserve any and all rights (including, but not limited to, pursuant to Section 113 of CERCLA, 42 U.S.C. § 9613), defenses, claims, demands, and causes of action that they may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto. Nothing in this Consent Decree diminishes the right of the United States, pursuant to Section 113(f)(2) and (3) of CERCLA, 42 U.S.C. § 9613(f)(2)-(3), to pursue any such persons to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to Section 113(f)(2).

20. The Parties agree, and by entering this Consent Decree this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that Settling Defendant is entitled, as of the date of entry of this Consent Decree, to protection from contribution actions or claims as provided by Section

-9-

113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), or as may be otherwise provided by law, for "matters addressed" in this Consent Decree. The "matters addressed" in this Consent Decree are Past Response Costs.

21. Settling Defendant shall, with respect to any suit or claim for contribution brought against it for matters related to this Consent Decree, notify the United States in writing within 10 days of service of the complaint on Settling Defendant. In addition, Settling Defendant shall notify the United States within 10 days of service or receipt of any Motion for Summary Judgment, and within 10 days of receipt of any order from a court setting a case for trial.

22. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case; provided, however, that nothing in this Paragraph affects the enforceability of the Covenant Not to Sue by Plaintiff set forth in Section VII.

## XI. **RETENTION OF RECORDS**

23. Until 5 years after the entry of this Consent Decree, Settling Defendant shall preserve and retain all records now in its possession or control, or which come into its possession or control, that relate in any manner to response actions taken at the Site or the liability of any person under CERCLA with respect to the Site, regardless of any corporate retention policy to the contrary.

24. After the conclusion of the 5-year document retention period in the preceding paragraph, Settling Defendant shall notify EPA and DOJ at least 90 days prior to the destruction of any such records, and, upon request by EPA or DOJ, Settling Defendant shall deliver any such records to EPA. Settling Defendant may assert that certain records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Settling Defendant asserts such a privilege, it shall provide Plaintiff with the following: 1) the title of the record; 2) the date of the record; 3) the name, title, affiliation (e.g., company or firm), and address of the author of the record; 4) the name and title of each addressee and recipient; 5) a description of the subject of the record; and 6) the privilege asserted. If a claim of privilege applies only to a portion of a record, the record shall be provided to Plaintiff in redacted form to mask the privileged information only. Settling Defendant shall retain all records that they claim to be privileged until the United States has had a reasonable opportunity to dispute the privilege claim and any such dispute has been resolved in the Settling Defendant's favor. However, no records created or generated pursuant to the requirements of this or any other settlement with the EPA pertaining to the Site shall be withheld on the grounds that they are privileged.

25. Settling Defendant hereby certifies that, to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any records, reports, or information relating to its potential liability regarding the Site since notification of potential liability by the United States or the State or the filing of suit against it regarding the Site and that it has fully complied with any and all EPA requests for information pursuant to Sections 104(e) and 122(e) of CERCLA, 42 U.S.C. §§ 9604(e) and 9622(e), and Section 3007 of RCRA, 42 U.S.C. § 6972.

## XII.  NOTICES AND SUBMISSIONS

26.  Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one party to another, it shall be directed to the individuals at the addresses specified below, unless those individuals or their successors give notice of a change to the other persons in writing.  Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the United States, EPA, DOJ, and Settling Defendant, respectively.

As to the United States:

As to DOJ:

Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice (DJ # 90-11-3-08937)
P.O. Box 7611
Washington, D.C.  20044-7611

As to EPA:

Amy Salinas
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 6, 6RC-S
1445 Ross Avenue
Dallas, Texas  75202-2733

Section Chief
Enforcement Assessment Section (6SF-TE)
Superfund Division
EPA Region 6
1445 Ross Avenue
Dallas, Texas  75202-2733

-12-

As to Settling Defendant:

Stanley A. Millan
Attorney
201 St. Charles Avenue
New Orleans, Louisiana 70170-5100

## XIII. RETENTION OF JURISDICTION

27. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

## XIV. INTEGRATION/APPENDIX

28. This Consent Decree and its appendix constitute the final, complete and exclusive agreement and understanding between the Parties with respect to the settlement embodied in this Consent Decree. The Parties acknowledge that there are no representations, agreements or understandings relating to the settlement other than those expressly contained in this Consent Decree. The following appendix is attached to and incorporated into this Consent Decree: "Appendix A" is a map that generally depicts the Site.

## XV. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

29. This Consent Decree shall be lodged with the Court for a period of not less than 30 days for public notice and comment. The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate. Settling Defendant consents to the entry of this Consent Decree without further notice.

30. If for any reason this Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of any party and the terms of the

agreement may not be used as evidence in any litigation between the Parties.

## XVI.  SIGNATORIES/SERVICE

31.  Each undersigned representative of Settling Defendant to this Consent Decree and the Acting Assistant Attorney General, Environment and Natural Resources Division, certifies that he or she is authorized to enter into the terms and conditions of this Consent Decree and to execute and bind legally such Party to this document.

32.  Settling Defendant hereby agrees not to oppose entry of this Consent Decree by this Court or to challenge any provision of this Consent Decree, unless the United States has notified Settling Defendant in writing that it no longer supports entry of the Consent Decree.

33.  Settling Defendant shall identify, on the attached signature page, the name and address of an agent who is authorized to accept service of process by mail on behalf of that Party with respect to all matters arising under or relating to this Consent Decree.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to, service of a summons.  The Parties agree that Settling Defendant need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XVII.  FINAL JUDGMENT

34.  Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute the final judgment between the United States and Settling Defendant.  The Court

-14-

finds that there is no just reason for delay and therefore enters this judgment as a final judgment

under Fed. R. Civ. P. 54 and 58.

SO ORDERED THIS 28 DAY OF January , 2010  AT ALEXANDRIA, LA

_United States District Judge_

-15-

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of the <u>United States v. Louisiana Midland Transport Company, LLC</u>, relating to the Doughty's Treating Plant Site, LaSalle Parish, Louisiana.

FOR THE UNITED STATES OF AMERICA:

Date: 8/31/09

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

Date: 8/21/09

NATHANIEL DOUGLAS
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C.  20044-7611

-16-

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of the <u>United States v. Louisiana Midland Transport Company, LLC</u>, relating to the Doughty's Treating Plant Site, LaSalle Parish, Louisiana.

FOR THE ENVIRONMENTAL PROTECTION AGENCY:

Date: 7/20/09

SAMUEL COLEMAN, P.E.
Division Director
Superfund Division
U.S. Environmental Protection Agency
1445 Ross Avenue
Dallas, Texas  75202-2733

Date: 7/2/09

AMY SALINAS
Assistant Regional Counsel
U.S. Environmental Protection Agency
1445 Ross Avenue
Dallas, Texas  75202-2733

-17-

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of the <u>United States</u>
<u>v. Louisiana Midland Transport Company, LLC</u>, relating to the Doughty's Treating Plant
Site, LaSalle Parish, Louisiana.

FOR DEFENDANT Louisiana Midland Transport
Company, LLC:

Date: 6·25-09

H. HAMRIC HOLLOWAY
Manager
Louisiana Midland Transport Company, LLC

Agent Authorized to Accept Service on Behalf of Above-signed Party:

Name:   Stanley A. Millan

Title:    Attorney

Address: 201 St. Charles Avenue
            New Orleans, Louisiana 70170-5100